785 P.2d 126

The STATE of Arizona, Appellee,

v.

Stella Garza RODRIGUEZ, a/k/a Stella Garza Gonzales, a/k/a Blanca Estella Rodriguez, Appellant.

No. 2 CA–CR 88–0434.

Court of Appeals of Arizona, Division 2, Department A.

March 28, 1989.

Redesignated as Opinion April 26, 1989.

Review Granted Sept. 20, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Mark E. Dwyer, Phoenix, for appellee.

Harold L. Higgins, Jr., Pima County Public Defender by Wayne E. Yehling, Tucson, for appellant.

OPINION

PER CURIAM.

Appellant was found guilty after a jury trial of armed robbery. She was sentenced to the presumptive 10.5–year prison term for a class 2 felony with one prior conviction.

Appellant was with two other people when they stopped at a gas station in Tucson. The clerk of the station testified that appellant stood outside his cashier's booth and asked him to give her all his money. According to the victim, the woman told him that she would shoot him if he did not give her money. The victim gave the appellant money and cigarettes. He further testified that appellant told him to lie on the ground or she would shoot him. At the end of the state's case, appellant moved for a directed verdict on the armed robbery on

the basis that there was no evidence that appellant had a weapon, nor did she say that she had a weapon. Additionally, there was no evidence that appellant used her hand to simulate or pretend she had a weapon. The only evidence of a weapon was appellant's threat to shoot the victim.

A.R.S. § 13–1904(A) reads:

A person commits armed robbery if, in the course of committing robbery as defined in § 13–1902, such person or an accomplice:

1. Is armed with a deadly weapon or a simulated deadly weapon; or

2. Uses or threatens to use a deadly weapon or a dangerous instrument or a simulated deadly weapon.

The plain reading of A.R.S. § 13–1904(A) leads to the conclusion that the legislature intended appellant's acts to constitute armed robbery. The threatened use of a deadly weapon which appellant did here is a violation of the statute. There is no re-quirement that a weapon or simulated weapon actually be present at the time of the offense.

Since A.R.S. § 13–1904(A) proscribes the threatened use of a deadly weapon, and since the record demonstrates that such was done by appellant herein, the trial court did not err in refusing to grant the motion for directed verdict.

We have reviewed the entire record for fundamental error and have found none. Therefore, the judgment of conviction and the sentence imposed are affirmed.

LIVERMORE, P.J., and HATHAWAY and HOWARD, JJ., concur.